**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN GRAY and CHAD WAGNER,

                                                Plaintiffs,

    -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                                                Defendant.
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2023

Case No.: 7:23-cv-03877-NSR

### STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIALITY INFORMATION

This matter having come before the Court by Notice of Removal of Plaintiffs', Steven Gray and Chad Wagner (collectively "Gray") Summons and Complaint in the Supreme Court of Dutchess County New York, by Defendant, State Farm Fire and Casualty Company ("Defendant"), pursuant to 28 U.S.C §§1332 and 1441, request entry to limiting the dissemination of any confidential and/or proprietary documents and information produced by either Party and their respective counsel in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel of record, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.     This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information of the Parties and, as appropriate, non-parties, agree merit Confidential treatment (hereinafter the "Documents" or "Testimony"), and pending review and any approval by the Court, shall not be used as a means to withhold any production that is the subject of either Parties discovery, or as a means to withhold a production during this proceeding;

2.     Any Party may designate Documents produced, or Testimony given, in connection with this action as "confidential" either by stamping each page of the Document so designated, or by cover

{00335160 1}
**Error! Unknown document property name.**
**Error! Unknown document property name.**

letter enclosing same and referring to the Bates numbers that contain such confidential Documents or material, or by notation on the exterior of any electronic media storage device that is produced and encloses Confidential electronically stored information ("ESI")to the respective undersigned counsel for the Parties hereto, or by other appropriate means;

3. As used herein:

   a. "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith and reasonable judgment of the Party without designating the material as confidential, be detrimental to the conduct of the Party's business or the business of a Party's customers or clients, and shall be made at the time of production, or if any documents have already been produced pending this Order, within seven (7) business days after the Order being So Ordered by the Court.

   b. "Producing Party" shall mean the Parties to this action producing Confidential Information in connection with depositions, document production responsive to discovery or the Party asserting the confidentiality privilege, as the case may be.

   c. "Receiving Party" shall mean the Party to this action receiving Confidential Information in connection with depositions, document production responsive to discovery, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of the document or other material as Confidential Information in writing including by email. If the Producing Party does not agree to declassify such document or

{00335160 1}

2

material within seven (7) days after the request, the Producing Party shall bear the burden to file a motion or written request for a conference with the Court within five (5) days after the expiration of the seven (7) day period, with the reasons stated therein, for an order classify the documents or materials as Confidential Information. If no such motion or request is filed by the deadline, such documents or material shall no longer be treated as Confidential Information. If such motion or request is filed, the documents or other materials shall be deemed Confidential Information pending a ruling. The Producing Party shall bear the burden of establishing the proprietary of the designation as Confidential Information;

5. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity outside of this proceeding, but may be disclosed to the following:

   a. personnel of the Parties actually engaged in assisting in the preparation of this action for trial and having been advised of their obligations hereunder;

   b. counsel for the Parties to this action and their attorneys, paralegals and other professional and non-professional personnel (including support staff and other side copying services) who are directly assisting such counsel in the preparation of this action for trial, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   c. expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give Testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraphs 7 and 9 hereof;

{00335160 1}

3

Error! Unknown document property name.
Error! Unknown document property name.

  d. the Court and court personnel;

  e. Fact witnesses including non-party fact witnesses, and an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer; and during trial if furnished, shown or disclosed in accordance with paragraphs 7 and 9 respectively, hereof; and

  f. any other person agreed to by the Producing Party;

6.  Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes outside this proceeding;

7.  Before any disclosure of Confidential Information is made to an expert witness or consultant and/or fact witnesses or non-party witnesses during this proceeding or at a deposition, respectively pursuant to paragraphs 5(c) and 5(e) hereof, counsel for the Receiving Party making such disclosure shall provide to the witnesses or consultant copy of the Stipulation and obtain a written agreement in the form of Exhibit A attached hereto, that such person comply with and be bound by its terms;

8.  All depositions shall not be presumptively treated as Confidential Information and subject to the Stipulation unless the Parties mutually agree prior to the taking of a deposition, that all or a portion of the deposition be treated as Confidential Information. Within fifteen (15) days after a transcript of said deposition is received by counsel, the Producing Party must send a copy of the deposition transcript with written notice of the designation of the transcript or the specific parts with citations to pages and line numbers, including the reasons for same. If the Receiving Party disagrees, the Producing Party must file a motion or make a request pursuant to paragraph 4 hereinabove. At the end of such fifteen (15) day period, if no motion or request is filed, the

{00335160 1}

4

deposition shall be considered as non-confidential. The marking of an Exhibit at a deposition that is Confidential Information shall not automatically make such deposition Testimony confidential;

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion or request by the Producing Party, pursuant to paragraph 4 to preserve the confidentiality of such Confidential Information. Confidential Information may be disclosed to experts and witnesses at depositions and offered in evidence at trial or any Court hearing, and counsel offering the Confidential Information shall indicate on the record that the Testimony regarding the Confidential Information is confidential and subject to the provisions of this Order, and any persons that are not a Party, or an employee, agent or officer of a Party, shall execute Exhibit A or be required to leave the room during Testimony concerning Confidential Information, or execute Exhibit A before being given access to Confidential Information. In the event a witness refuses to execute Exhibit A the Court shall, upon application, enter an order directing the witness's compliance with to be bound by the provisions of this Stipulation. .Struck out provision;

**In Districts WITH Electronic Filing**

10.

    a. A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have been designated as comprising or containing Confidential Information, or any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information shall file the document, pleading, brief, or (ii) memorandum on the NYSCEF system with the appropriate redactions and shall

{00335160 1}
5

Error! Unknown document property name.
Error! Unknown document property name.

contemporaneously provide a copy of the complete unredacted version to the Court and the other Party's counsel; and

b. All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production;

11. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure;

12. Nothing in this Protective Order disallows State Farm's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the New York State Division of Insurance and other applicable state and federal laws; the records retention requirements of the New York State Division of Insurance, the New York State Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of State Farm; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by State Farm as permitted and/or required by applicable state and federal law, including New York State, including reporting to the Insurance Services Office, Inc.

13. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of the Stipulation;

14. The production or disclosure of Confidential Information shall in no way constitute a waiver of a Producing Party's right to object to an improper request for production or disclosure of other

{00335160 1}

information in this proceeding or in any other action but a Producing Party shall not object to the production or disclosure on the sole basis that it contains Confidential Information nor use the Stipulation as a means to impede or obstruct a Party's ability to challenge any objections or for purposes of delay. Nothing in the Stipulation shall operate as an admission by any Party or non-party that any particular Document or Information is or is not, confidential, and failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto;

15. The Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (except as otherwise permitted hereinabove in paragraph); and (b) that a Receiving Party may seek permission of the Producing Party in writing or an order of the Court for the dissolution or modification of the Stipulation. The provisions of the Stipulation shall, absent prior written consent of the parties, continue to be binding after the conclusion of this action;

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure;

17. Within 60 days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed; provided, however, that the requirements of this Paragraph are subject to the requirements of Paragraph 10 of this Protective Order and to the routine business practices of State Farm. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits, even if classified as Confidential Information. This Stipulation shall

{00335160 1}

7

Error! Unknown document property name.
Error! Unknown document property name.

not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in the Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter. **To the extent that this Protective Order requires the destruction or return of documents at the conclusion of this case, this requirement is not intended to require State Farm to return or destroy any documents that it is otherwise required by law to maintain**;

18. If a Receiving Party is called upon to produce Confidential Information in order to comply with the court order, subpoena, or direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and by email or facsimile to the counsel of record for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) the Producing Party shall have five (5) business days after receipt to file a motion or other application for a protective order against the person, entity, agency or body, or the subpoenaing party to object to the production of such Confidential Information.. The Receiving Party may produce a copy of the Stipulation to such court, administrative agency, or legislative body, person, entity, agency or body, or the subpoenaing party to place them on notice of same. Nothing in this paragraph shall be construed as requiring any Party to the Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or direction by a court, administrative agency or legislative body;

19. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to a different or additional protection for any particular material or information; and

Error! Unknown document property name.
Error! Unknown document property name.

20. The Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

                                                  **MACKEY BUTTS & WHALEN, LLP**
                                                  *Attorneys for Plaintiffs*

By: /s/ Christina A. Mazzarella
      Christina A. Mazzarella
      319 Mill Street
      Poughkeepsie, New York 12601
      Bar No.: 5620174

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant*

By: /s/ Michael T. Glascott
    Michael T. Glascott
    665 Main Street
    Buffalo, New York 14203-1425
    Bar No.: MG2048

Dated: September 25, 2023
       White Plains, NY

**SO ORDERED**

_____
Honorable Nelson Stephen Roman, U.S.D.J.

{00335160 1}

9

**Error! Unknown document property name.**
**Error! Unknown document property name.**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF NEW YORK
-------------------------------------------------------------------X
STEVEN GRAY and CHAD WAGNER,

                              Plaintiffs,          Case No.: 7:23-cv-03877-MSR

    -against-

STATE FARM FIRE AND CASUALTY COMPANY,

                             Defendant.
-------------------------------------------------------------------X

### Agreement With Respect to Confidential Materials

      I have read the Confidentiality Order entered in this action and agree to be bound by its terms. I understand that disclosure of Confidential Information, except as provided under the Confidentiality Order, may constitute contempt of Court. I consent to the exercise of personal jurisdiction of this Court for purposes of enforcement of the provisions of the Confidentiality Order. I declare under penalty of perjury that the foregoing is true and correct.

_____              _____
Signature                                                Date

_____
Name [print]

**Error! Unknown document property name.**
**Error! Unknown document property name.**